UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D

FEB 1 8 2010

CLERK'S OFFICE
DETROIT

MAURICE A. POINTER,

       Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,
       Defendants,

_____/

Civil Action No. 2:10-CV-10589
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE
HONORABLE VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Maurice A. Pointer, ("plaintiff"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a civil rights complaint in this district against the defendants pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that his constitutional rights were violated by the defendants while he was incarcerated at the Straits Correctional Facility in Kincheloe, Michigan. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

## I. DISCUSSION

In the present case, all of the actions complained of by plaintiff took place at the Straits Correctional Facility, located in Kincheloe, Michigan, which is located in the Northern Division of the Western District of Michigan. The defendants named in the complaint reside in the Western District of Michigan.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. §

1

1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. Although plaintiff is currently incarcerated at the Gus Harrison Correctional Facility, which is located in this district, venue is more appropriate in the Western District of Michigan, because all of the "operative facts" in this case took place at the Straits Correctional Facility, which is located in the Western District of Michigan. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). Because the Straits Correctional Facility is the primary situs of the material events in plaintiff's civil

2

rights lawsuit, plaintiff's choice of forum has little weight in the Court's determination. *See Boyd v. Snyder,* 44 F. Supp. 2d 966, 971 (N.D. Ill. 1999). Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan. For these reasons, transfer of this action to the Western District would be proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 18, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 18, 2010.


S/Gina Wilson
Judicial Assistant

# PRISONER CASE INFORMATION SHEET

**Case No.** 10-10589  **Judge:** Hood  **M/J:** Morgan  **Staff Attorney:** Besser

**Plaintiff's Name and Inmate Number:**

MAURICE A POINTER  **Inmate No.** 542653

**Defendant's Name:**

MICHIGAN DEPARTMENT OF CORRECTIONS ET AL

**Petitioner's Attorney/Address:**

**Name of Correctional Facility:**

Gus Harrison Correctional Facility

2727 E. Beecher Street
Adrian, MI 49221
LENAWEE COUNTY

---

**To: STAFF ATTORNEYS**  **From: CLERK'S OFFICE** ⦿ Detroit ◯ Divisional  **Clerk's Initials:** DA  **Date:** 02/12/2010

**THE FOLLOWING DOCUMENT(S) HAVE BEEN PLACED IN YOUR ELECTRONIC INBOX:**

**Litigation Printout:** ⦿ Yes  ◯ No

- ☑ Order Re: Proceeding Without Prepayment of Fees and Costs
- ☑ Civil Rights Information Sheet
- ☑ Order Directing Service Without Prepayment of Fees and Costs
- ☐ Acknowledgment of Receipt of Documents
- ☑ Order to Provide Additional Copies
- ☐ Order to Correct Deficiency
- ☐ Other: _____

**Deficiency:**

◯ Yes  ☐ No IFP Application  ☐ No Fee  ☐ No Copies  ☐ No Signature  ☐ Other:
⦿ No

**THE FOLLOWING DOCUMENT(S) HAVE BEEN PLACED IN YOUR INBOX IN THE CLERK'S OFFICE:**

- ☐ Motion
- ☐ Request for: _____

---

**To: DISTRICT COURT JUDGE**  **From: STAFF ATTORNEYS**  **S.A. Initials:** dhb  **Date:** 02/17/2010

**THE STAFF ATTORNEY WILL PREPARE THE FOLLOWING DOCUMENT(S):**

- ☐ Order to Show Cause (Three Strikes)
- ☐ Proposed Order of Summary Dismissal  (For consideration by a District Judge.*) *This determination is based on a preliminary screening of the pleading. If the Staff Attorneys subsequently conclude that a different disposition of the case is appropriate, they will notify chambers accordingly.
- ☐ Proposed Order of Partial Dismissal (of Defendants(s)) (For consideration by a District Judge.*) *This determination is based on a preliminary screening of the pleading. If the Staff Attorneys subsequently conclude that a different disposition of the case is appropriate, they will notify chambers accordingly.
- ☑ Order of Transfer to: Western District of Michigan-will have Magistrate Judge Whalen review and sign.
- ☐ Other: _____

**ALLEGATIONS/DISCUSSION:**

In the United States District Court

For the Eastern District of Michigan

36

MAURICE A. POINTER 542653

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,
MEDICAL SERVICE PROVIDER,
MEDICAL UNIT DIRECTOR, et al.

Case:2:10-cv-10589
Judge: Hood, Denise Page
MJ: Morgan, Virginia M
Filed: 02-11-2010 At 03:26 PM
CMP POINTER V. MDOC ET AL (DA)

(Enter above the full name of the defendant or defendants in this action.)

## COMPLAINT

I.    **Previous Lawsuits**

**CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the required $350 filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $350 filing fee regardless whether your complaint is dismissed.**

A.    Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?     Yes ☐ No ☒

B.    If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.    Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

_____

2.    Is the action still pending?     Yes ☐   No ☐

    a.   If your answer was no, state precisely how the action was resolved: _____

    _____

3.    Did you appeal the decision?    Yes ☐   No ☐

4 .   Is the appeal still pending?    Yes ☐   No ☐

    a.   If not pending, what was the decision on appeal? _____

    _____

5.    Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?  Yes ☐   No ☐

    If so, explain: _____

    _____

**Place of Present Confinement** STRAITS CORRECTIONAL FACILITY

If the place of present confinement is not the place you were confined when occurrence that is subject of instant lawsuit arose, also list the place you were confined: _____

III.    **Parties**

In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Pla~~intiff IXWIGHT~~ MAURICE A. POINTER 542653 ~~HEALTHXUNITXXMANAGER~~

Address  STRAITS CORRECTIONAL FACILITY, 4387 W. M-80, KINCHELOE, MICHIGAN 49785

In Item B below, place the full name of the defendant in the first blank, his or her official position in the second blank and his or her place of employment in the third blank. Use Item C for the names, positions and place of employment of all additional defendants. Attach extra sheets as necessary. **State whether you are suing each defendant in an official or personal capacity.**

B.    Defendant LESLIE WIGHT _____ is employed as HEALTH UNIT MANAGER

at  STRAITS CORRECTIONAL FACILITY

C.    Additional Defendants  Lori Davis, RN 13, Eilene Conklin, Nurse Practitioner

STRAITS CORRECTIONAL FACILITY

_Asst. Deputs WARDEN-Housing: JACQueLine NADEAu, PROVIDER OF FOOT Stool cLEARLy MARKED "No STEP"._

IV.    **Statement of Claim**

State here, as briefly as possible, the **facts** of your case. Describe how each defendant is personally involved. Include also, the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.** Use as much space as you need. Attach extra sheets if necessary.

Upon intake at Straits Correctional Facility, I was interviewed by Lori Davis, RN 13, on 10-11-07. I informed her of my previous bodily injuries and my inablity to climb, also that I was not sure of my footing on the stool provided for inmates to gain access and exit the top bunk. I was told by RN 13 Davis, "To leave!"

op Bunk, I tried to fix my assigned bunk while standing on a 2 foot high stool, provided for inmates to climb to the top bunk, I became unstable and I fell to the floor. RN 13 Davis came to my accident and grabbed me, pulling and jerking my left arm. I asked her not to do that, and RN 13 Davis replied, "I'm just trying to check your vitals." I replied, "Please don't." RN 13 Davis told Sgt. Mc Kay, "He doesn't want me to touch him. Well I'm going to check the camera to see if he just laid down, and if so, I'm going to make sure that he pays!" Upon my return from War Memorial Hospital in Sault Ste. Marie, I was told by Leslie White, Medical Unit Manager, "There is nothing wrong with you, you're just trying to steal a bunk, I'm not giving you nothing. I'll bet you'll be careful next time, and you know what you've got to do!" Medical Unit Director Leslie White, is referring to myself taking disciplinary action to resolve a medical situation!

I went to see Nurse Practitioner Eilene Conklin on 10-12-07 and she stated, "There's nothing wrong with you, you're not fat or have a limb missing, and you're not deformed, and I can find no reason to give you a bottom bunk detail. Exercise and walk to take away your soreness, because you don't need any medication and you can kite record's for your paperwork from the hospital and from KTF Straits Correctional Facility's Medical Service Provider, Tina Harvey, RN. T, a charge of $2.25 for 9 Pages of documentation from War Memorial Hospital." I immediately left because anything said or done could and would be construed into a Major Misconduct and Administrative Segregation and a security level change.

Relief

State briefly and precisely what you want the court to do for you.

To be placed in a Medical Facility that will Accommodate my medical needs and sleeping area. $500.00 for every day I'm forced to sleep on a top bunk. Punitive relief for negligence for basing their decisions on a visual evaluation instead of physical examination, and also, pain and suffering for having to take this situation to Federal Court. Filing Fees, Copy Fees, and Attorney Fees. Also, at this time I request $500.00 per day for everyday after 10-11-07 for not receiving proper medical care.

2·8·2010
**Date**

*[signature]*
**Signature of Plaintiff**

---

## NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

HOME MAILING ADDRESS
15 EAGLE STREET. BATTLE CREEK, MI. 49037
269·968·3862

(Last Revised: January 2007)

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE FORM

4835-4247 10/94
CSJ-247A

Date Received at Step I __10/16/07__    Grievance Identifier: __KTF 0710 1/085 03A__

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD-03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 542653 | KTF | A-2-45 | 10-11-07 | 10-15-07 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why.    LESLIE WHITE - HEALTH UNIT MANAGER 10-11-07 3:50 PM

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

I DISAGREE WITH HER DECISION, AFTER MY RETURN'S FROM WAR MEMORIAL HOSPITAL SAULT STE. MARIE, I WAS TOLD THERE'S NOTHING WRONG WITH ME. YOUR TRYING TO SIGN A BOTTOM BUNK YOUR NOT OVER WEIGHT, HIGGINS A LIMP, OR DEFORMED ALSO TOLD YOU KNOW WHAT YOU GOT TO DO, BECAUSE I'M NOT SIGNING SOMETHING'S. SHE'S REFERRING TO ME TALKING A DISPLINA ACTION'S TO RESOLVE A MEDICAL SITUATION AND I SHOULDN'T BE SUBJECTED TO A BIAS AND PREJUDICE ENVIRONMENT A ALL WHITE MEDICAL STAFF OF KTF. LESLIE WHITE IS BASING HER DECISION ON A VISUAL EVALUATION AND ANY MEDICAL EVALUATION IS BASED ON A PHYSICAL EXAM'S AS WILL VISUAL. THERE ARE SEVERAL INMATE'S THAT FIT MY EXTERIOR CRITERIA THAT HAVE BOTTOM BUNK'S. MY MOST RESENT INJURS WAS SUSTAINED HERE AT KTF ON 10-11-07 11'S A-2-83. I'M STILL FORCED TO TOP BUNK OR FACE DISCIPLINARY ACTION AND I'M BEING DENIED MEDICAL AND THE THE DOCUMENTATION SENT ON MY BEHALF FROM WAR MEMORIAL HOSPITAL HER DECISIONS SHOULD NOT BE ALLOWED TO AFFECT THE REPORTS OF THE DOC IN HIS LIVING OR HEALTH CONDITION, BECAUSE THE MEDICAL DEPT IS NOT PART OF THE D.O.C. ALSO I SHOULD NOT BE FORCED TO INTO A DISCIPLINARY SITUATION TO RESOLVE A MEDICAL SITUATION. LESLIE WHITE IS UNPROFESSIONAL IN HER CONDUCT FOR BRINGS TO ANY INMATE ATTENTION TO TAKE A DISCIPLINARY MEASURE TO RESOLVE HER BIAS AND PREJUDICE DECISIONS!    Maurice A. Pointer

Grievant's Signature

RESPONSE (Grievant Interviewed?    ☐ Yes    ☒ No    If No, give explanation. If resolved, explain resolution.)

_(signature)_    10/23/7    _Karen Dennis_    10-24-07
Respondent's Signature    Date    Reviewer's Signature    Date
Theresa L. LNN    RN 12    Karen Dennis    RN 15
Respondent's Name (Print)    Working Title    Reviewer's Name (Print)    Working Title

| Date Returned to Grievant: 10/29/07 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION:    White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

NOV 2 6 2007

4835-4248· 12/97
CSJ-247 B

...AN DEPARTMENT OF CORRECTIONS
...ONER/PAROLEE GRIEVANCE APPEAL FORM

...te Received by Grievance Coordinator
at Step II: **NOV 5 2007**

Grievance Identifier **KTF02V10 1089 03A**

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-2~~~~~ denied copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED MDOC

NOV 29 2007

Grievance & Appeals

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: **URF**
(NAPLes) by **11/8/07**. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| POINTER MAURICE A | 542653 | KTF | A-2-95 | 10-11-07 | 11-4-07 |

**STEP II--Reason for Appeal** I HAVE NOT RECEIVED AN INTERVIEW OR NOTICE FROM KTF MEDICAL DEPT Under an
a CALLOUT NOR HAVE I RECEIVE A VERBAL SUMMON'S FROM A UNIT OFFICER SEE MEMORANDUM DATED 10.24-07
FROM A LETTER SENT TO WARDEN JERRI ANN SHERM On 10-11-07. I HAD NO EVALUATION BECAUSE I WAS NOT HELD in
THE MEDICAL DEPT. NB CONKLIN IS NOT QUALIFIED TO DIAGNOSIS MY PHYSICAL CONDITION AND WAR MEMORIAL H~~~
GSPITAL DIAGNOSISED MY MEDICAL CONDITION. DESENERATIVE DISC DISEASE OF MY SPINE WHICH LIMITS MY
ABILITY TO CLIMB. I REQUEST A BOTTOM BUNK TO ALLEVIATE MY PAIN AND STRUGGLE TO GAIN ACCESS TO THE
TOP BUNK THAT I WAS ASSIGNED TO ME EVAN AFTER I FORE-WARNED DAVIS RN13 OF MY IMPAIRMENT ON
10-11-07 AT 10⁴⁵AM. AND ALSO WHERE MY ACCIDENT ACCURED A-2-95

**STEP II--Response**

*Seeattached*

*Jeannie Stephen    Jeannie Stephen    11/15/07*
Respondent's Name (Print)    Respondent's Signature    Date

| Date Received by |
| Step II Respondent: |
| **NOV 5 2007** |

| Date Returned to |
| Grievant: |
| **11/19/07** |

**STEP III--Reason for Appeal** I HAVE NOT RECEIVED ANY MEDICAL ASSISTANCE. TREATMENT FOR MY ER-
~s, T At WAR MEMORIAL HOSPITAL AND THE DETERMINATION FOR BOTTOM BUNK WAS MADE BY NP CONKLIN. REVIEW STEP
TWO WISH IT STATEMENT I SENT MED. KITE 11-2-07 BLOOD PRESSURE. TEMPATURE CHECKED CHARGED 5⁰⁰
EVER ADDRESSED ISSUE'S IN MY MED. KITE DATED 11-2-07 I'VE BEEN ASKING FOR MEDICAL ASSISTANCE SINCE MY
~ACEMENT FROM LCF.LEXING 11-28-06. JENNIE STEPHEN RN. MARC WEED KNOWINGLY HAVE DENIED MY REQUEST
~AD 06.12.2197 12F1 URF 07051150 16   URF 0708 1520 12E P.O.03.04.101 PARG P.O.03.03.130 PLICS STATEMENT. NR G. H I 2.J.K3.
~07 06 1222 2E   URF 0708 1720 12 B3 URF 0706 los 12 D1 P.O.04.02.105 PAR R   L P.O.03.02.130 par R REPRISAL

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III--Director's Response** is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of
Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

**DISTRIBUTION:** White--Central Office; Green - Canary --Step III; Pink--Step II; Goldenrod--Grievant

Michigan Department of Corrections                    October 23, 2007                    KTF-07-10-1085-3f

**Grievance Step I Response**                                                Pointer, #542653

The patient was scheduled to discuss his grievance on 10/19/07 but failed to appear.   The grievance was reviewed, and his issue appears to be inappropriate treatment. Investigation reveals on 10-11-07 the patient returned from the emergency room following a fall.    Per the ER report, CT and x-ray reports were negative other than degenerative disc disease of the spine.   The nurse advised the patient of the criteria for a bottom bunk and explained he did not meet the criteria.   She denies telling the patient there was nothing wrong with him and states she acted in a professional manner at all times.   The patient was scheduled with a medical service provider the following day.   At that time the MP confirmed a bottom bunk was not medically indicated.

Michigan Department of Corrections    November 9, 2007    KTF-07-10-1085-03f

**Grievance Step II Response**                            Pointer #542653

Investigation supports the Step I Response.  Medical records indicate that the patient was seen post ER visit for follow-up, on October 12, 2007.  It was determined that a bottom bunk detail was not medically indicated at that time.

Patient may contact KTF Health Care, if his back pain persists, so that he can be re-evaluated.

Jeannie Stephenson                *Jeannie Stephenson R. N.*           November 9, 2007
Respondent Name                   Respondent Signature               Date

THIRD STEP GRIEVANCE RESPONSE

Maurice Pointer #54653 ~542653
Grievance #: KTF-07-10-1085-03f

The Grievant presents an issue which alleges in October 2007 he was inappropriately denied a medical detail for a bottom bunk. Grievant wants a bottom bunk and other medical assistance as relief for filing this grievance. This grievance was processed at the local level in accordance with the provisions of Policy Directive and Operation Procedure 03.02.130 (Prisoner/Parole Grievances).

This investigator reviewed the record presented with the appeal to step three. All relevant information was considered. Based on the review, this writer finds staff properly responded to the grievance and addressed the merits of the main issue grieved. No additional information was provided to negate the step I and II responses. Grievant was assessed for a medical detail in accordance with PD-03.04.100 and 04.06.160. This grievance appeal is denied.

Approval Signature: _____     Date: 12/29/07

# V/12-17-07

CC: Warden
    Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I ___10/16/07___    Grievance Identifier: __KTF07 10 10611 12E__

> Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 342653 | KTF | A-245 | 10-11-07 | 10-12-07 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why. LESLIE WHITE-HUM 10-11-07 3:45 PM

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

ON 10-11-07, I HAD AN ENCOUNTER WITH DAVIS RN13 FOR INTAKE REASON'S UPON CONFIDING, CONVESING TO HER MY PHYSICAL IMPAIRMENT'S SHE BECAME UNPROFESSIONA 10-11-07, AROUND 1115 AM, I HAD AN ACCIDENT FOR WHICH I TRIED TO FOREWARN DAVIS RN UPON DAVIS RN13 CONVIL'S TO MY ACCIDENT SHE GRABB MY ARM IN A UNPROFESSIONAL MANU FOR ONE OF HER STATUE AND HAVING EXPERIENCE AND KNOWING I FAIL, DAVIS RN13 LANGUASE REFERED TO YOU PEOPLE AND SHE'S GOING TO REVIEW CAMERA FOOTAGE TO MAKE SURE THA I FAIL AND NOT JUST LAID DOWN AND SHE WOULD MAKE SURE THAT I PAID ANY MEDICAL BILL'S. HER ACTION'S ARE DESGRADING, BELITTLING, HARRASSING, TAUNTING AND IN VIOLATION OI P.D.03.03.130.
ALSO HER ACTION'S ARE DESCRIBED IN P.D.03.02.130, MDPI, OCFI, ORFIII

_Maurice A. Pointer_
Grievant's Signature

---

RESPONSE (Grievant Interviewed?    ☐ Yes  ☒ No    If No, give explanation. If resolved, explain resolution.)

SEE ATTACHED MEMO

| | | | |
|---|---|---|---|
| _signature_ | 2317 | _Karen Dennis_ | 10-24-07 |
| Respondent's Signature | Date | Reviewer's Signature | Date |
| Theresa L. Lovin | RN12 | Karen Dennis | RN15 |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

---

| | |
|---|---|
| Date Returned to Grievant: 10/29/07 | If resolved at Step I, Grievant sign here. Resolution must be described above.    _____ Grievant's Signature   _____ Date |

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

4835-4248 12/97
CSJ-247 B

_AN DEPARTMENT OF CORRECTIONS_
**_RISONER/PAROLEE GRIEVANCE APPEAL FORM_**

Date Received by Grievance Coordinator
at Step II: _____

Grievance Identifier: K T I A 02 I A 1 06 1 1 2 A

**INSTRUCTIONS:**    THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED MDOC

NOV 29 2007

Grievance & Appeals

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _KTF_
_HEALTH SERVICE_ _11/8/07_ . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| POINTER MAURICE A. | 542653 | KTF | A-2-45 | 10-11-07 | 12-6-07 |

**STEP II--Reason for Appeal** REGARDLESS OF THE GRIEVANCE AND STEP I RESPONSE I ASKING AND REQUESTING FOR ADEQUATE
AND PROMPT MEDICAL ASSISTANCE AND TREATMENT FOR THE CONTINOUS PAIN I'M EXPERIENCING IN MY NECK. SHOULDER'S
AND BACK AND ACCOMMODATION TO ALLEVIATE MY PAIN. STRUGGLE TO GAIN ACCESS TO ASSIGNED TOP BUNK A-2-45. 10-11-07
+3²AM. 10-11-07-10:42AM FORE-WARNED RN13-DAVIS. 10-11-07-11:10AM. FALL FROM 2FOOT STOOL. 10-11-07-3:54AM. RETURNED FROM
WAR MEMORIAL HOSPITAL. EVALUATED BY LESLIE WISHT-HUM, PLACE BACK ON TOP BUNK-A-2-45. 4:00PM.
I BEING DENIED ADEQUATE + PROMPT MEDICAL ASSISTANCE. TREATMENT AFTER MY RETURN AND BEING DIAGNOSED
BY A PHYSICIAN FOR DEGENERATIVE DISC DISEASE OF THE SPINE AT WAR MEMORIAL HOSPITAL-SAULT STE
MARIE, MI. IN VIOLATION OF P.D.03.03.130. READ POLICY STATEMENT AND PARAGRAPH'S. G-H-I6-J-K-L
P.D.03.02.130-PAR-K

**STEP II--Response**

| | Date Received by Step II Respondent: |
|---|---|

Nevertheless

Jeannie Stephenson    _Jeannie Stephen_    _11/15/07_
Respondent's Name (Print)    Respondent's Signature    Date

| Date Returned to Grievant: 11/19/07 |
|---|

**STEP III--Reason for Appeal** AS PRINTED IN STEP I & II. AND ALSO I'VE SEEN NO
DOCTOR. SINCE MY E.R. VISIT AT WAR MEMORIAL HOSPITAL.
LESLIE WISHT-HUM. PENN'S FILION RN. JEANNIE STEPHENSON. MARC WEST-HUM.
HAS NEVER ADDRESSED OR GIVEN ME ANY MEDICAL ASSISTANCE. TREATMEN

**NOTE:  Only a copy of this appeal and the response will be returned to you.**

**STEP III--Director's Response** is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of
Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:    White--Central Office;   Green - Canary --Step III;   Pink--Step II;   Goldenrod--Grievant

A2

## Step III Grievance Response

**MAURICE POINTER**          **542653**

**KTF    07101061**

Grievant alleges that the nurse was unprofessional when she responded to his medical emergency of falling out of the bed.

The information presented upon appeal to step III has been reviewed in addition to the medical record. The step I and step II responses appropriately address the grievance. As noted, investigation did not support his allegation. Also as noted, additional issues brought up with his step II and step III appeal will not be addressed.

Grievance denied.

Response of Bureau of Health Care Services          Date:    12/14/2007

Approved: _____          Date: 12/27/07

Step III ID:  213199

C:          Warden

          Regional Health Care Administrator

          Grievant

1-7-08  4³⁰ PK  NO ENVELOPE

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _10/24/07_    Grievance Identifier: _KTF 0710 019 8 1724_

> Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Maurice A. Pointer | 542653 | KTF | A-2-45 | 10-11-07 | 10-19-07 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why. _Leslie White 10-11-07 3⁵⁰ P.M._

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

Since my return from War Memorial Hospital Sault Ste. Marie, 10-11-07 3⁵⁰ PM I have receive no medical at all. Upon myself trins to convey to Leslie White - Health Unit Manager of my pain and defacults in walking sittins and trins to negociat the top bunk in which my accident accurs from she became irrate and unprofessional. Qootins these words - I not givins you nothing, there's nothing wrong with you - I'll bet you will be careful next time, for a person of her statue and professions he's very unprofessional in conduct and for her medical practice, I fail to mention th she told me - you know what you got to do! There actions are meant to discourase- harrass. Frustrate Brown skin Native American's from seekins medical attention because we are the only inmate's complainins about medical.

_Maurice A. Pointer_
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No    If No, give explanation. If resolved, explain resolution.)

See attached memo

| | | |
|---|---|---|
| _Maria Pereira_ | _10-30-07_ | _[signature]_ |
| Respondent's Signature | Date | Reviewer's Signature |
| Maria Pereira | RN | Marie West |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) |

_11-6-07_
_10-30-07_
Date

_HUM_
Working Title

| Date Returned to Grievant: _11/9/07_ | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

DEC 1 3 2007

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248  12/97
CSJ-247 B

Date Received by Grievance Coordinator
at Step II: _____ NOV 2 7 2007

Grievance Identifier: | KTF0711A 1098 12E

**INSTRUCTIONS:**   THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee  Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED MDOC
DEC 17 2007
URF
Grievance & Appeals

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to the
_WARDEN___ by _11/28/07_ If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 592653 | KTF | A-2-45 | 10-11-07 | 11-22-07 |

**STEP II--Reason for Appeal** NEVER RECEIVED CALLOUT FOR KTF MED. DEPT. NO VERBAL. UNIT OFFICER FOR
KTF MED. DEPT. HAVE NOT RECEIVED ANY MED. INREGARD'S TO E.R. VISIT. LESLIE WISHT-HUM-MARIA
PEREIRA. I'M NOT GIVING YOU NOTHIN. THERE'S NOTHIN WRONG WITH YOU. YOU KNOW WHAT YOU GOT TO DO. BET YOU ALL BE
CAREFUL NEXT TIME. YOUR TRYIN TO STEAL A BUNK. 10-12-07. NP CONKLIN. TALK'S TO ME AS IF I'M IMPAIRED. KNOW
MY BODY BETTER THAN I. AFTER BEING ASKED TOO EXPLAIN, KTF MEDICAL STAFF BECAME'S ARGUMENTIVE
I TERMINATE TO PREVENT A MAJOR MISCONDUCT AS THEIR RESOLUTION TO RESOLVE A MEDICAL SIT.
KITED MED. DEPT. 11-2-07, 11-12-07. SEEN 11-05-07. TOOK BLOOD PRESURE-TEMP. CHARGED 5.00. NEVER
NEVER ADDRESSED MY ISSUE'S AND REASON FOR KITE-CALLOUT. KTF MED. STAFF NEED'S ETHNIC AND
RACIAL DIVERSITY COUNSELING

**STEP II--Response**

all Attached

| Date Received by Step II Respondent: |
|---|
| NOV 2 7 2007 |
| NOV 30 2007 |

Jeannie Stepherson     Jeannie Stephen     12/3/07

| Respondent's Name (Print) | Respondent's Signature | Date |

| Date Returned to Grievant: |
|---|
| 12/5/07 |

**STEP III--Reason for Appeal** I DISAGREE WITH STEP II. DERELICTION OF DUTIE'S
EXTORTION OF MONEY. ABUS DENNIS. ADW NADEAU. MARC WEST-HUM, JEANNIE STEPHENSON
PENNY FILION. LESLIE WISHT-HUM. HAVE NOT RECEIVED MEDICAL ASSISTANCE. TREATMENT, OR
ACCOMMODATION. LAST SEEN BY A DOCTOR 10-11-07. EMERGENCY ROOM WAR MEMORIAL HOSPITAL FOR
A FALL FROM A 2 FOOT HIGH STOOL THAT'S CLEARLY MARKED "NO STEP" THEY DO NOT FOLLOW POLICY
DIRECTIVE'S OR OPERATING PROCEDURE'S AND A GRIEVANCE MEAN'S NOTHING TO THESE PEOPLE

**NOTE:**  Only a copy of this appeal and the response will be returned to you.

**STEP III--Director's Response**  is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring  the grievance to the Office of
Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:  White  Central Office: Green  Canary  Step III: Pink Step II: Goldenrod  Grievant

A243

## Step III Grievance Response

**MAURICE POINTER**          542653

**KTF      07101098**

Grievant alleges he is not receiving adequate medical care.

The information presented upon appeal to step III has been reviewed in addition to the medical record. The step I and step II responses appropriately address the grievance. Step I and step II responses are affirmed. Review of medical records show grievant has been assessed, evaluated and treated by the Medical Practitioner. Grievant has also been issued a special accommodation for a bottom bunk. Grievant is encouraged to follow the plan of care recommended and request follow up care as needed.

Grievance denied.

Response of Bureau of Health Care Services WM        Date:        2/20/2008

Approved: _____        Date: 3/6/08

Step III ID:  213778

C:        Warden

          Regional Health Care Administrator        I

          Grievant

CSJ-387 10/94
CSJ-247A

N DEPARTMENT OF CORRECTIONS
NER/PAROLEE GRIEVANCE FORM

Date Received at Step I ___10/21/08___    Grievance Identifier: K C F 0 8 / 10 9 / 1283 / 28E

| Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library. |

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| POINTER MAURICE A. | 542653 | KcF | B-3-96 | 10-16-08 | 10-17-08 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date?
If none, explain why. KEKTED TO SEE Doctor - T. STALLMAN, ON 10-9-88 AND 10-14-08.
NO RESPONSE TO REASON OF KITE'S SENT ON ABOVE DATE'S.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

GRIEVANCE IN REFERENCE TO SUSAN H. WILSON-NP. POOR SERVICE. UNPROFESSIONAL
CONDUCT- WILLS- LAUGHING. REFUSING TO OBEY P.D. 03.04.100 CHEMIH SERVICE.
SUSAN H. WILSON. IN VIOLATION OF P.D. 03.03.130. FOR KNOWING MY
PHYSICAL PROBLEM'S THEN DENYING EXACTLY WHAT- WILL I WAS THE
REASON ADDRESSED ON MEDICAL KITE DATED 9-26-08.
GRIEVANCE IN ACCORDENCE TO P.D. 03.02.130 PAR.-P.
INTENTIONAL. DELIBERATE. INDIFFERENCE'S
GRIEVANCE COORD. BERLINGER IN VIOLATION OF P.D. 03.02.130 PAR. K.
AND ALSO TOM MACKIE-AIADW.

_M. Pointer_
Grievant's Signature

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No    If No, give explanation. If resolved, explain resolution.)

SEE ATTACHED RESPONSE.

| _L. Berlinger_ | 10/21/08 | _Randall Wohlfeil_ | 10/21/08 |
|---|---|---|---|
| Respondent's Signature | Date | Reviewer's Signature | Date |
| L. BERLINGER | G.C. | M.C. STORALD | A.A. |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: 10/22/08 | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION:  White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

Grievance response:
KCF-08-10-01283-28e
Pointer #542653, B-3-86

The date of incident is listed as 10-6-08 and today's date is listed as 10-17-08 with no explanation for the cause in delay of filing.

PD 03.02.130 states, "A grievance shall be rejected by the Grievance Coordinator if the grievance is filed in an untimely manner. The grievance shall not be rejected if there is a valid reason for the delay."

Grievance rejected.

Date Received by Grievance Coordinator
Step II _____ OCT 3 0 2008          Grievance Identifier  | K | C | F | 0 | 8 | 1 | 0 | 0 | 1 | 2 | 8 | 3 | 2 | 8 | e |

## INSTRUCTIONS:   THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.

The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: ___KCF___
Warden's office ____ by ___10-31-08___ . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Pointer | 542653 | KCF | B-3-86 | 10-16-08 | 10-28-08 |

**STEP II** – Reason for Appeal I REITERATE STEP I. EXPERIENCING PERSON INTENTIONAL DELIBERATE INDIFFERENCE'S DENIED Adequate HEALTHCARE. THEY REFUSE TO ALLOW ME TO SEE A DOCTOR AFTER 3 EVALUATION's! FROM SUSAN H. WILSON-NP, 10-6-08! YEMON BALL-NURSE SUPERVISOR-10-22-08, EVALUATED FOR FOOT FUNGUS ON 8-26-08, BACK SHOULDERS-9-30-08 BY MARY SIZER-RN AND BY SUSAN H. WILSON-10-6-08, 10-16-08. FOR HEMORRHOIDS BY DOCTOR T. STANMAN FILED TO RE KITE, NEVER RESOLVED MY PROBLEM'S, INVIOLATION OF P.O. 03.03.130 INHUMANE TREATMENT! Also EXPERIENCING PERSONAL INTENTIONAL DIFFERENCE INDIFFERENCE'S FROM GRIEVANCE COORD. L-BETHRICSEN W/CONSP. W/ATCH TOM MACKIE (NEVER INTERVIEWED BY DEPARTMENT OBSERVED at BY GRIEVANCE COORD. TO DETERMINE IF COULD BE RESOLVED AT STEP I. DENIED DUE PROCESS OF THE GRIEVANCE PROCEDURE INVIOLATION OF A.O. 03.02.130 PAR-K5 - P.O. 03.03.130 ...ETC.

| | Date Received by Step II Respondent: OCT 3 0 2008 |
|---|---|

**STEP II** – Response


SEE Attached


| T. Mackie A/WARDEN | T. Mackie | 11/19/08 | Date Returned to Grievant: 11/20/08 |
|---|---|---|---|
| Respondent's Name (Print) | Respondent's Signature | Date | |

**STEP III** – Reason for Appeal



**NOTE:  Only a copy of this appeal and the response will be returned to you.**

**STEP III** – Director's Response is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:   White – Central Office;   Green - Canary – Step III;   Pink – Step II;   Goldenrod – Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I  **4/3/08**          Grievance Identifier: **KTF 0810.4 | 524 | 122**

Be brief and concise in describing your grievance issue.  If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A POINTER | 552653 | KTF | A-2-X3 | ON GOING | 4-3-08 |

What attempt did you make to resolve this issue prior to writing this grievance?  On what date?
If none, explain why. **KITED LESLIE WISHT-HUM. SEVERAL TIME'S: NO RESPONSE**

State problem clearly.  Use separate grievance form for each issue.  Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form.  The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

**WHAT I SEEK AND MY BODS NEED's is PHYSICAL THERAPY AND REHABILITATION FOR A SLIP AND FALL ON 10-11-07, A-2-45 IN WHICH I INJURED MY LOWER BACK, LEFT SHOULDER, RIGHT HIP.**

*Maurice A Pointer*
Grievant's Signature

===

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No     If No, give explanation.  If resolved, explain resolution.)

See attached

*Anne O*                    **4/9/8**          *Lori L Davis RN B*    **4/9/08**
Respondent's Signature          Date              Reviewer's Signature          Date
Theresa Lovin                   RN 12            Lori L. Davis                  RN13
Respondent's Name (Print)   Working Title       Reviewer's Name (Print)    Working Title

| Date Returned to Grievant: **4/11/08** | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod --- Grievant

MAY  7  2008

4835-4248 12/97
CSJ-247 B

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Date Received by Grievance Coordinator
at Step II:    APR 2 1 2008

Grievance Identifier  |K|T|F|0|4|0|4| | |5|2|4| |1|2|4|

**INSTRUCTIONS:**    THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED MDOC

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to the Grievance & Appeals
Wardens Office by  4/27/08. If it is not submitted by this date, it will be considered terminated.

MAY 19 2008
KTF

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 542663 | KTF | A-2-43 | 10-11-07 | 4-20-08 |

**STEP II--Reason for Appeal**

I REITERATE STEP I, MEDICATION AND A LOWER BUNK IS NOT A
RESOLUTION TOO HEALING!
RELIEF REQUESTED : TO BE SEEN BY A DOCTOR ON A MONTHLY BASE'S
AND ALSO PHYSICAL THERAPY!

**STEP II--Response**

Date Received by
Step II Respondent:

see attached

Jannie Stephenson   Jannie Stephenson   4/30/08
Respondent's Name (Print)    Respondent's Signature        Date

Date Returned to
Grievant  4/30/08

**STEP III--Reason for Appeal**  DELIBERATE INDIFFERENCE. NOT RESOLVED AT STEP I-II
PAST KILLINGS, INITIATIONS IN REGARD's TO 10-11-07. INCIDENT I'VE BEEN CHARGED!
5-9-08. KITED LESLIE WISHT-HUM. ALLERGIC REACTION TO FLEXERIL-TCHING-HIVE's : NO RESPONSE
ALSO WITHIN KITE DATED 5-9-08. INFORMING THEM 90 DAYS ASKED FOR BY STALLMAN 2-15-08 - 5-15-08,
IS UP AND I WOULD LIKE TO BE SEEN BY A DOCTOR. RELIEF REQUESTED: PHYSICAL THERAPY!

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III--Director's Response** is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of
Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:  White--Central Office;  Green - Canary --Step III;  Pink--Step II;  Goldenrod--Grievant

**Step III Grievance Response**

**MAURICE POINTER**          542653

**KTF**    0804524

KCF

Grievant alleges that he is being denied care because physical therapy was not ordered following his slip and fall.

All information presented upon appeal to Step III has been reviewed in addition to the review of corresponding electronic medical records.  As noted in earlier responses, grievant has been assessed and the medical conclusion was that physical therapy was not indicated at this time.  Grievant's disagreement with this medical conclusion does not support a claim of denial of care.

The Step I and II responses are affirmed.  Grievance denied.

Response of Bureau of Health Care Services                   Date:    8/6/2008

Approved: _____            Date: _____

Step III ID:  219561

C:        Warden

          Regional Health Care Administrator                    I

          Grievant

6·1·25

G-125.

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I  **4/9/08**    Grievance Identifier: **KTF 0804 , 544 12II**

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 542663 | KTF | ~~████~~ | 4-8-08 | 4-8-08 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date?
If none, explain why.  *STAFF CORRUPTION AS FAR UP AS THE WARDEN'S OFFICE !*

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

THIS GRIEVANCE IS WRITTEN TO REDRESS AND ALSO BRING TO KTF ADMINISTRATIVE STAFF. RUM
ARUS. RUO's. CIO's!
THAT ON 10-11-07. 11:15AM. A-2-45. I FELL INJURING MY LOWER BACK. LEFT SHOULDER AN
RIGHT HIP.
4-8-08. 7:39AM. I WAS TOLD I HAD EXTRA DUTS. I WAS FORCED TO PUSH A KART AND DUMP
A MATRESS IN THE TRASH BEND OR FACE A MAJOR TICKET DDO - DISOBEYING A DIRECT OR
TRASH BEND OPENING MORE THAN 4FT FROM GROUND!
I HAVE PULLED SOMETHING AND MY BACK IS KILLING ME!
RELEIF REQUESTED - BE SUSPENDED FROM SEVERE DUTY - LIGHT DUTY ONLY!
P.D. 03.03.105C. REVIEW POLICY STATEMENT - SECTION's A.B.C!
P.D. 03.03.130. SECTION - PRISONER's SHALL NOT BE SUBJECTED TO PERSONAL ABUSE FROM STAFF

*Maurice A. Pointer*
Grievant's Signature

---

RESPONSE (Grievant Interviewed?    ☐ Yes   ☒ No    If No, give explanation. If resolved, explain resolution.)

Respondent's Signature                          Date **4-16-8**          Reviewer's Signature                    Date **4-17-08**
Theresa Lovin                                   RN 12                     Leslie Wght                            Huen
Respondent's Name (Print)   Working Title                                 Reviewer's Name (Print)   Working Title

| Date Returned to Grievant: **4/22/08** | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248  12/97
CSJ-247B

Date Received by Grievance Coordinator
at Step II ___4/29/08___          Grievance Identifier ___KTF 08104  546 12E___

**INSTRUCTIONS:   THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.**

The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you were not provided with a Step I resonse in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: ___KTF___
___Wardens Office___ by ___5/5/08___. If it is not submitted by this date, it will be considered terminated.

RECEIVED MDOC
MAY 1[?] [?]
KTF
Grievance & Appeals

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| MAURICE A. POINTER | 542663 | KTF | A-2-43 | 4-28-08 | 4-28-08 |

**STEP II – Reason for Appeal** ISSUED A MEDICAL DETAIL RELIEVING ME OF ANY PUSHING PULLING, LIFTING AND TO BE RE-EVALUATED BY A DOCTOR FOR MY BACK CONDITION! KITED 11-2-07, TO BE EVALUATED FOR AN ACCIDENT CHARGED 5-CO-PAY! 10-11-07, 11¹⁵ AM, A-2-45, FELL FROM STOOL PROVIDED BY JACQUELINE NADEAU, ASS. DEPUTY WARDEN OF HOUSING, TO GAIN ACCESS TO TOP BUNK! STAFF CORRUPTION AS FAR UP AS THE WARDEN- THEY LIE THE OTHER COVER'S, CONDONE'S

**STEP II – Response**

[signatures]

| | Date Received by Step II Respondent: |
|---|---|
| | APR 30 2008 |

___Dennis Ferguson___    ___[signature]___    ___4/30/08___
Respondent's Name (Print)    Respondent's Signature    Date

| Date Returned to Grievant: |
|---|
| 5/5/08 |

**STEP III – Reason for Appeal** NOT RESOLVED AT STEP I-II, RELIEF REQUESTED: LIGHT DUTY ACCOMMO-DATION, PAST KITING, INITIATING FOR 10-11-08 INCIDENT, HAS RESULTED IN A CO-PAY OF $5⁰⁰ DELIBERATE INDIFFERENCE, R.N. MAYOR HAS PRIOR KNOWLEDGE OF INCIDENT ON 10-11-07, BECAUSE SHE WAS HERE, EXPERIENCING RETRIBUTION, RETALIATION FOR GRIEVANCE WROTE AGAINST FELLOW CO-WORKER!

**NOTE:  Only a copy of this appeal and the response will be returned to you.**

**STEP III – Director's Response is attached as a separate sheet.**

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:   White – Central Office;   Green - Canary – Step III;   Pink – Step II;   Goldenrod – Grievant

## Step III Grievance Response

**MAURICE POINTER**          **542653**

**KTF        0804546**

Grievant alleges that there is staff corruption at the facility because he was charged a co-pay for his back injury and has not been provided a light duty assignment.

All information presented upon appeal to Step III has been reviewed.  A disagreement with the medical conclusion of the attending provider does not equate to nor support a claim of staff corruption.

The Step I and II responses are affirmed.  Grievance denied.

Response of Bureau of Health Care Services          Date:      8/7/2008

Approved: _____          Date: _8/20/08_

Step III ID:  219560

C:        Warden

Regional Health Care Administrator            I

            Grievant

DEPARTMENT OF CORRECTIONS
REV. 06/06
4835-3282

# NOTICE OF INTENT TO CONDUCT AN ADMINISTRATIVE HEARING

| Prisoner Number: | Prisoner Name: | Facility: | Lock: | Date: |
|---|---|---|---|---|
| 342653 | POINTER, MAURICE | KCF | E-1-48 | 1/31/09 |

| Reporting Staff Member Name (PRINT): | Title: | Reporting Staff Member Signature: |
|---|---|---|
| A. Laitinen | Accounting Assistant | *(signature)* |

**Nature of Hearing** (Property disposition, restriction, etc):

Health Care Co-Payment - 1/6/09 VISIT

**Reason for Hearing** (Describe events leading to this requested action. If property is involved, list all items and explain why taken):

Pursuant to PD 03.04.101 Prisoner Health Care Co-Payment, if a prisoner refuses to sign the CHJ-549, a NOI will be prepared and an Administrative Hearing conducted. The above named prisoner filled out Form CHJ-549 requesting Health Care services. The prisoner was seen by health care staff and instructions were given. It was determined by Health Care staff at the time of the visit that the prisoner should be charged a fee of $5.00 pursuant to PD 03.04.101. The prisoner refused to sign the CHJ-549 (copy attached) accepting the $5.00 Health Care co-pay charge.

**Proposed Disposition** (Indicate what action you believe should be taken to address/resolve the above matter):

NOTE:  Property dispositions are limited to the following:

- [ ] Photograph & return to prisoner it belongs to (except money/postage)
- [ ] Money/Postage - Turn over to PBF
- [ ] Store up to 30 calendar days for pick up
- [ ] Donate to charity as approved by the warden (property only)
- [ ] Mail at prisoner expense to person identified by prisoner
- [ ] Destroy (set forth reason below)

NOTE: Non-property dispositions:

- [ ] Telephone restriction _____ days begins _____ ends midnight _____
- [ ] Remove from following program: _____
- [x] Remove $5.00 from prisoner's account (indicate reason below)
- [ ] Other (explain below)

**Additional Information** (cite relevant rule, policy directive, procedure or justification):

The Health Care co-pay must be paid by the prisoner for the requested health care service in accordance with PD-03.04.101, despite the prisoner's refusal to sign form CHJ-549. Payment will be processed, as appropriate, once the Business Office received a completed hearing report. If the prisoner lacks sufficient funds to pay the fee, to co-pay shall be considered and institutional debt and shall be collected as set forth in PD-04.02.105

Please provide Prisoner Accounting with one copy of the CSJ-144 Administrative Hearing Report.

- [ ] I understand and agree with the proposed disposition stated above and waive the right to a hearing.
  *(to be checked ONLY if prisoner agrees with proposed disposition and does NOT wish to have a hearing).*

OR

- [x] I request a hearing. I have received a copy of this report. My signature does not necessarily mean that I agree with the report *(to be checked ONLY if prisoner wishes to have a hearing).*
- [ ] I waive the 24 hour notification of hearing requirements.

| Prisoner's Signature: | Date: |
|---|---|
| *Refused to Sign* | 2/10/09 |

Copy personally handed to prisoner on this date by the following staff member:

| Staff Member Name (PRINT): | Title: | Staff Member Signature | Date: |
|---|---|---|---|
| | | | 2/10/09 |

Distribution:  [ ] Record Office File    [ ] Counselor File    [ ] Prisoner

# ADMINISTRATIVE HEARING REPORT

| Institution: | Prisoner's Name: | | Number: | Date of Notice: |
|---|---|---|---|---|
| CF | POINTER | | 542653 | 1/13/2009 |

| Reporting Staff Member's Signature: | Block/Unit: | Cell/Room: |
|---|---|---|
| A. Laitinen | E-1 | 48 |

**Purpose of Hearing:**
MEDICAL CO-PAY

**REPORTING STAFF MEMBER'S STATEMENT:**
THIS PRISONER REQUESTED AND WAS EVALUATED FOR A HEALTH CARE CONCERN ON 1/06/2009
AND INSTRUCTIONS WERE GIVEN. HE REFUSED TO SIGN THE CHJ-549. IT WAS DETERMINED BY
HEALTH CARE PERSONNEL AT THE TIME OF THIS VISIT THAT THE PRISONER SHOULD BE CHARGED
THE $5.00 CO-PAY BECAUSE THE VISIT DID NOT MEET ANY OF THE EXCEPTIONS LISTED ON THE
BOTTOM OF THE CHJ-549.

**PRISONER'S STATEMENT:**
Pointer refused to sign the NOI CSJ-282, therefore, an investigation was done and this hearing was completed.
During the initial interview, Pointer stated that he did put in the health care kite to get his medications refilled, but,
there was no call out for him and therefore he did not receive his medications and should not have to pay.
Pointer stated that he did not go to health services.

**HEARING OFFICER'S FINDINGS (INCLUDE REASONS FOR FINDINGS):**
Hearings Officer reviewed Pointer's callout schedule for 1/06/2009 and note that Pointer did, if fact, have a call
out scheduled to see the nurse for 0930 hours. Pointer's CHJ-549 Health Care Request was reviewed. It is
noted on the form that Pointer refused to sign the form. As Pointer's visit to Health Care does not meet the
criteria to be exempt from the co-payment, Pointer shall be responsible for the $5.00 payment.

**DISPOSITION OF ITEMS, IF ANY:**
Pointer must pay the co-payment of $5.00. This amount will be removed from his prisoner account.

| TYPE OR PRINT NAME OF HEARING OFFICER: | Signature of Hearing Officer: |
|---|---|
| ARUS G. SURIANO | Arus S |
| | **Date of Hearing:** |
| | Thursday, February 12, 2009 |

**DISTRIBUTION:** White - RO File; Canary - Central Office File; Pink – Prisoner; Goldenrod - Counselor File



## MICHIGAN DEPARTMENT OF CORRECTIONS
### MEDICAL DETAIL

**FACILITY: KTF**
**COMPLETED BY: Rachael A. Kronemyer**

**SITE: KTF**
**02/15/2008  12:29 PM**

Medlines at 1900 effective from 02/15/2008 through 08/31/2008
Order written by Rachael A. Kronemyer on 02/15/2008 at 12:29 PM

Approved by Timothy Stallman, DO on 02/15/2008 at  8:54 AM.

Provider: Timothy Stallman

**NAME:  Pointer, Maurice a.**
**NUMBER: 542653**
**D.O.B: 05/23/1964**



# MICHIGAN DEPARTMENT OF CORRECTIONS
## MEDICAL DETAIL

**FACILITY: KTF**
**COMPLETED BY: Timothy Stallman, DO**

**SITE: KTF**
02/15/2008  8:28 AM

Housing: ~~Detroit~~ ... from 02/15/2008 ...2008
Order written by Timothy Stallman, DO on 02/15/2008 at 8:55 AM
Approved by Timothy Stallman, DO on 02/15/2008 at 8:54 AM.

Provider: Timothy Stallman

**NAME: Pointer, Maurice a.**
**NUMBER: 542653**
**D.O.B: 05/23/1964**

STATE OF MICHIGAN
## DEPARTMENT OF CORRECTIONS
LANSING

JENNIFER M. GRANHOLM
GOVERNOR

PATRICIA CARUSO
DIRECTOR

October 24, 2008

Pointer #542653 B-3-86
Kinross Correctional Facility
16770 South Water Tower Drive
Kincheloe, Michigan 49788

Mr. Pointer:

I am in receipt of your letter of October 22, 2008. You state that Wendy Ball treated you unprofessionally and refused to let you see the medical practitioner.

Per your medical record and verified by other staff present you refused to cooperate with Ms. Ball's assessment. You refused to answer her questions and simply ███████████████████. If you would like a referral to a ███████████████ you will have to rekite and cooperate with the health care staff on the day of your visit. If you require a referral to a ███████████████ you will be referred for an appointment or the ███████████████ will be asked to consult with the nurse during your evaluation for further intervention. Your failure to cooperate is what stood in the way of further treatment.

I encourage you to rekite if your problem persists and to cooperate with your evaluation. Thank you.

Sincerely,

*Tanya L. Cunningham*

Tanya Cunningham, RN, HUM



STATE OF MICHIGAN
### DEPARTMENT OF CORRECTIONS
LANSING

JENNIFER M. GRANHOLM
GOVERNOR

PATRICIA CARUSO
DIRECTOR

November 14, 2008

*E-1-48*

Pointer #542653 ~~B-3-86~~
Kinross Correctional Facility
16770 South Water Tower Drive
Kincheloe, Michigan  49788

Mr. Pointer:

I am in receipt of your letter which is undated.  In reviewing your medical record I see that you are being treated for ████████████████  These are both conditions which can improve, go away, and then recur.  When you are uncomfortable we will treat you; when you are comfortable you should do fine.

Co-pays are charged whenever there is a patient initiated appointment that requires a nursing evaluation. Whenever you kite for another evaluation you will be charged.  In reviewing your record I do not see any situations that need to be resolved.

Thank you.

Sincerely,

*Tanya Cunningham*

Tanya Cunningham, RN, HUM

# MICHIGAN DEPARTMENT OF CORRECTIONS
## REQUEST FOR SERVICES - KITE RESPONSE
### MEDICAL

**FACILITY: KCF**                                    **SITE:  KCF**
**COMPLETED BY:  Alan M. Manzardo, RN**              **10/10/2008  1:03 PM**

---

**Triage discipline:** MEDICAL    **Date Initiated:** 10/09/2008   **Date Received:** 10/10/2008
**Type of Request:** ROI kite

**Problem 1:**
Complaints ▓▓▓▓▓▓▓▓ bunk renewal

Triage: Nurse see comment below    Scheduled for on or about:
Patient's perspective of urgency: (routine)
Staff's perspective of urgency:  (routine)

**Comments:** Why do you request Bottom bunk ?  0 current order for bottom bunk you need reevaluation by
            RN

*23410765 BATCH 908206 11-5-07*

**NAME:** Pointer, Mauricea.
**NUMBER:** 542653
**D.O.B:** 05/23/1964
*0386*



## MICHIGAN DEPARTMENT OF CORRECTIONS
## SPECIAL ACCOMMODATION NOTICE

**FACILITY: KCF**
**COMPLETED BY:** ▇▇▇▇▇▇▇▇▇▇▇▇

**SITE: KCF**
**10/06/2008   7:36 AM**

**A. Housing:**
   **HJ: Extra Bedding/Clothing (extra pillow) from 10/06/2008; ordered on 10/06/2008 at 8:00 AM
   by Susan H. Wilson, NP**

Provider name: Susan H. Wilson

**NAME:** Pointer, Maurice
**NUMBER:** 54265
**D.O.B:** 05/23/196

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**REQUEST FOR SERVICES - KITE RESPONSE**
**MEDICAL**

**FACILITY: KCF**
**COMPLETED BY: Danielle L. Bartunek, RN**

**SITE: KCF**
**10/14/2008  1:32 PM**

**Triage discipline:** MEDICAL    **Date Initiated:** 10/14/2008    **Date Received:** 10/15/2008
**Type of Request:** symptom kite

**Problem 1:**
    Complaints: hemorrhoids  inflamed/irritated:

    Triage: schedule for sick call        Scheduled for on or about: 10/16/2008
    Patient's perspective of urgency:
    Staff's perspective of urgency:  (routine)

B-3-86

NAME: Pointer, Mauricea.
NUMBER: 542653
D.O.B: 05/23/1964

## MICHIGAN DEPARTMENT OF CORRECTIONS
## REQUEST FOR SERVICES - KITE RESPONSE
### MEDICAL

**FACILITY: KCF**
**COMPLETED BY:** Penny L. Filion, RN

**SITE: KCF**
10/20/2008  12:20 PM

**Triage discipline:** MEDICAL    **Date Initiated:** 10/20/2008    **Date Received:** 10/20/2008
**Type of Request:** symptom kite

**Problem 1:**
    Complaints: ~~eardrums are "blown out";~~

    Triage: schedule for sick call        Scheduled for on or about: 10/21/2008
    Patient's perspective of urgency: (urgent)
    Staff's perspective of urgency:

B386

**NAME:** Pointer, Mauricea.
**NUMBER:** 542653
**D.O.B:** 05/23/1964



**HEALTHCARE**

## MICHIGAN DEPARTMENT OF CORRECTIONS
## MEDICAL DETAIL

FACILITY:  KCF

COMPLETED BY:  Matt Sizer, RN

SITE:  KCF
09/30/2008  10:41 AM

HWB effective from 09/30/2008 through 03/30/2009
Order written by Matt Sizer, RN on 09/30/2008 at 11:02 AM

Provider: Susan H. Wilson

ORIGINAL

NAME:  Pointer, Maurice a.
NUMBER:  542653
D.O.B:  05/23/1964

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 10-10589 | Judge: Denise Page Hood | Magistrate Judge: Virginia M. Morgan |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner:<br><br>MAURICE A POINTER | Name of 1st Listed Defendant/Respondent:<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS ET AL |
|---|---|
| **Inmate Number:** 542653 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>Gus Harrison Correctional Facility<br>2727 E. Beecher Street<br>Adrian, MI 49221<br>LENAWEE COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   - ☐ Yes      ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   - ☐ Yes      ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases